IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| Consumer Financial Protection Bureau; State of North Carolina, *ex rel.* Roy Cooper, Attorney General; and Commonwealth of Virginia, *ex rel.* Mark R. Herring, Attorney General, <br><br> Plaintiffs, <br><br> v. <br><br> Freedom Stores, Inc., Freedom Acceptance Corporation, Military Credit Services LLC, John F. Melley, and Leonard B. Melley, Jr., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> CIVIL ACTION NO. 2:14cv643 ANA/TEM |

## STIPULATED FINAL JUDGMENT AND ORDER

The Consumer Financial Protection Bureau ("Bureau"), the State of North Carolina, *ex rel.* Roy Cooper, Attorney General ("North Carolina"), and the Commonwealth of Virginia, *ex rel.* Mark R. Herring, Attorney General ("Virginia") (together, "States") filed this civil action on December 18, 2014, to obtain injunctive relief, restitution, civil money penalties, and other equitable relief against Freedom Stores, Inc. ("Freedom"), Freedom Acceptance Corporation ("FAC"), Military Credit Services LLC ("MCS"), John F. Melley, and Leonard B. Melley, Jr. The Complaint alleges violations of sections 1031 and 1036 of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531, 5536, section 918 of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693o, section 108 of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1607, the North Carolina Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1, and the North Carolina Debt Collection Act, N.C. Gen. Stat. §§ 75-53, 75-55, in connection

with extending credit to and collecting debts from members of the United States military and other consumers.

The parties, by and through their respective counsel, agree to the entry of this Stipulated Final Judgment and Order ("Order").

**THEREFORE, it is ORDERED:**

## FINDINGS AND CONCLUSIONS

1.      This Court has jurisdiction over the parties and the subject matter of this action.

2.      The parties agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to the date of this Order.

3.      Defendants neither admit nor deny any allegations in the complaint, except as specifically stated in this Order. For purposes of this Order, Defendants admit only those facts in the complaint necessary to establish the Court's jurisdiction over Defendants and the subject matter of this action.

4.      Defendants waive service under Rule 4(d) of the Federal Rules of Civil Procedure and waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

5.      Defendants waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

6.      Each party will bear its own costs and expenses, including, without limitation, attorneys' fees.

7.      Entry of this Order is in the public interest.

## DEFINITIONS

8.   "Affected Consumers" means consumers who were subjected to Distant Forum Actions between July 1, 2011, and December 31, 2013.

   a.   "Virginia Affected Consumers" means Affected Consumers who resided in Virginia at the time a Distant Forum Action was filed against them.

9.   "Affected Debt" means all debt, including any interest and fees, resulting from a Distant Forum Action between July 1, 2011, and December 31, 2013.

10.   "Back-up Account" means a checking account, savings account, or other method of payment authorized by a consumer to be used to pay the consumer's debt to Freedom, FAC, or MCS if their primary method of payment fails.

11.   "Corporate Defendants" means Freedom Stores, Inc., Freedom Acceptance Corporation, and Military Credit Services LLC, and their successors and assigns.

12.   "Defendants" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

13.   "Distant Forum Action" means a debt-collection action or proceeding filed against a consumer in a forum other than one in: (i) the city, county, or parish where the consumer resides at the time the action is filed; (ii) the city, county, or parish where the consumer was physically present when the contract on which the action is based was signed; or (iii) a city, county, or parish contiguous to, adjacent to, or within 50 miles of (i) or (ii).

14.   "Effective Date" means the date this Order is entered.

15.   "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his or her delegee.

16.   "Individual Defendants" means John F. Melley and Leonard B. Melley, Jr.

17.    "Proper Forum" means a forum in: (i) the city, county, or parish where the consumer resides at the time the action is filed; (ii) the city, county, or parish where the consumer was physically present when the contract on which the action is based was signed; or (iii) a city, county, or parish contiguous to, adjacent to, or within 50 miles of (i) or (ii).

18.    "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendants based on substantially the same facts as described in the Complaint.

## ORDER

### A.    Conduct Relief

19.    Defendants and their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them and who have actual notice of this Order, whether acting directly or indirectly, in connection with the extension of credit and collection of debts, are enjoined from:

a.    filing Distant Forum Actions;

b.    filing debt-collection actions against consumers unless the actions are filed in a Proper Forum and in accordance with all applicable statutes of limitations and other laws;

c.    garnishing the wages of North Carolina consumers following a judgment;

d.    in attempting to collect a debt, contacting any person or entity other than the consumer for any purpose other than ascertaining the consumer's contact information or requesting that the consumer contact Defendants; for purposes of this subparagraph:

i.    "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, administrator, the consumer's attorney,

4

and any person the consumer expressly requests be contacted, unless that contact is prohibited by state law;

ii. "contact information" means the address of the consumer's residence, the consumer's phone number at that residence, the consumer's mobile phone number, or the consumer's place of employment;

iii. the contact must not:

(1) disclose that the consumer owes any debt;

(2) disclose that the communication relates to the collection of a debt; or

(3) occur more than once to the same third party unless requested by that party or unless Defendants reasonably believe that the earlier response of that person is erroneous or incomplete and that the person now has correct or complete contact information;

iv. for consumers serving in the United States military, Defendants may not contact the consumer's chain-of-command under this subparagraph without first obtaining the consumer's written consent; the written consent must:

(1) be on a page separate from all other contract terms;

(2) be separately signed by the consumer; and

(3) clearly and conspicuously state that "providing this consent is voluntary, and this transaction is not conditioned on your providing consent";

       v.      for consumers residing in North Carolina, contact may be made only for the sole purpose of locating the debtor, provided that Defendants do not reveal or disclose the debt or any information about it;

       vi.    the limitations of this subparagraph do not apply to contacts made by order of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy;

   e.     for 5 years from the Effective Date, charging any third-party account (credit card, debit card, bank account, prepaid card, or other form of payment) without the third-party's written authorization for such a charge, including the number of times the third-party is authorizing payment from the account; and

   f.     collecting, selling, or transferring for collection any portion of the debt that is refunded or credited under this Order.

20.    Defendants and their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them and who have actual notice of this Order, must:

   a.     within 60 days of the Effective Date, adjust all balances owed by each Affected Consumer in accordance with the redress calculations specified in paragraph 26 of this Order;

   b.     within 60 days of the Effective Date, send Bureau-approved notices to all Affected Consumers for whom balance adjustments are made under subparagraph 20.a. to inform them of the credit resulting from this Order; the notices must be submitted to the Bureau for approval within 30 days of the Effective Date;

      c.     within 60 days of the Effective Date, furnish to all credit reporting agencies the adjustment to the balances owed by the Affected Consumers as a result of this Order;

      d.     within 60 days of the Effective Date, take any steps necessary to amend or stop payment arrangements previously entered into with any Affected Consumer for payments no longer necessary after the adjustment to the balances owed by Affected Consumers as a result of this Order;

      e.     within 60 days of the Effective Date, implement procedures to prevent Double Payments, including:

           i.    prohibiting collection of payment from a consumer's Back-up Account until the seventh (7th) day after the payment due date, unless the consumer's express consent is obtained after the due date passes with no payment or with an incomplete payment; and

          ii.  requiring a one-time notice to the consumer at least three (3) days before collecting the first payment from a consumer's Back-up Account, stating the date payment will be taken if the account is not current; each time a primary payment method is resumed or a new primary payment method is created to pay the debt at issue, the notice specified in this subparagraph must be provided before the Back-up Account can be accessed;

      f.     within 60 days of the Effective Date, implement procedures to prevent charging any third-party account without authorization, including:

7

    i.    requiring the third-party's written consent for a charge, that describes the procedure for withdrawing the third-party's authorization and includes the number of times the third-party is authorizing payments from their account (credit card, debit card, bank account, prepaid card, or other form of payment);

    ii.    providing written confirmation by mail or electronic means (e-mail) to those third-parties stating the amount and recipient of the payment and the procedure for withdrawing the third-party's authorization for future payments:

        (1) at the time the written consent referred to in subsection (i) is received; and

        (2) each time a payment is made;

g.    ensure that all contract provisions include the account-opening disclosures required by TILA, 15 U.S.C. § 1631, *et seq.*, in the form required by Regulation Z, 12 C.F.R. pt. 1026; and

h.    ensure that all contract provisions related to electronic fund transfers include the disclosure of information required by EFTA, 15 U.S.C. §§ 1693c, 1693e, and Regulation E, 12 C.F.R. § 1005.10(b).

21.    If Defendants sell all or part of the "Affected Debt," Defendants must:

a.    obtain the purchaser's express written agreement to comply with the provisions of this Order with respect to the Affected Debt; and

b.    provide a copy of this Order to the purchaser.

**B.     Order to Pay Redress**

22.     Judgment for monetary relief is hereby entered in favor of the Bureau and the States and against the Defendants in the amount of $2,596,124.14 plus the amount of redress due to Virginia Affected Consumers under paragraph 26, the total to be calculated within 7 days of the Effective Date.

23.     Within 21 days of entry of this Order, Defendants must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, $373,279.06 plus the amount to be refunded to Virginia Affected Consumers under paragraph 26, in satisfaction of the non-credit portion of the judgment as ordered in paragraph 22 and for the purpose of providing redress to Affected Consumers, as required by this section B. This amount shall be the total of the amounts required to be refunded to Affected Consumers pursuant to subparagraphs 26.a. and 26.b. of this Order. Defendants must relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law, and no part of the funds may be returned to Defendants.

24.     Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau, or to the Bureau's agent according to applicable statutes and regulations, to be used for redress for Affected Consumers, including but not limited to refund of moneys, restitution, damages, or other monetary relief, and for any attendant expenses for the administration of any such redress.

25.     Defendants must provide all information that the Bureau or its agent may require to locate all Affected Consumers and to administer redress.

26.     Redress to Affected Consumers against whom a default judgment was entered in a Distant Forum Action between July 1, 2011, and December 31, 2013, will be calculated as follows:

a.     *for Affected Consumers with judgments that have been fully satisfied*: a refund to the Affected Consumer equal to 30% of the total collected from the Affected Consumer from the date of the judgment to the time of satisfaction;

b.     *for Affected Consumers with judgments that have been partially satisfied*: a reduction of the Affected Consumer's Total Outstanding Balance (default judgment amount plus accrued interest) in an amount equal to (i) 30% of the total collected from the Affected Consumer between the date of the judgment and November 1, 2014, plus (ii) 30% of the Total Outstanding Balance as of November 1, 2014; if the sum of those amounts exceeds the Total Outstanding Balance, the difference will be refunded to the Affected Consumer; and

c.     *for Affected Consumers with no payments on their judgments*: a 30% reduction of the Affected Consumer's Total Outstanding Balance as of November 1, 2014.

27.     If Defendants fail to identify all Affected Consumers to the Bureau or if Defendants make any error in the calculations under paragraph 26, within 14 days of learning of the omission or error, Defendants must notify the Bureau of it and must adjust any Affected Consumer's outstanding balance and provide any additional funds to the Bureau required to satisfy the redress ordered herein.

28.     If the Bureau determines, in its sole discretion, that additional redress to Affected Consumers is wholly or partially impracticable, or otherwise inappropriate, or if funds remain

10

after the additional redress is completed, the Bureau may use any remaining funds for equitable relief, including consumer-information remedies, as determined to be reasonably related to the violations described in the Complaint. Any funds not used for equitable relief will be deposited in the U.S. Treasury as disgorgement. Defendants will have no right to challenge any actions that the Bureau or its representatives may take under this paragraph.

29.    Defendants may not condition the payment of any redress to any Affected Consumer under this Order on that Affected Consumer waiving any right.

**C.    Civil Money Penalties**

30.    Under section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), taking into account the factors in 12 U.S.C. § 5565(c)(3), judgment for a civil penalty is entered against Defendants, jointly and severally, in the amount of $100,000.

31.    This civil money penalty is imposed based on the violations of law described in the Complaint.

32.    Within 10 days of the Effective Date, Defendants must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions. Defendants must relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law, and no part of the funds may be returned to Defendants.

33.    The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

34.    Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendants may not:

a.   claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

b.   seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, for any civil money penalty paid under this Order.

35.   To preserve the deterrent effect of the civil money penalty, in any Related Consumer Action, Defendants may not argue that Defendants are entitled to, nor may Defendants benefit from, any offset or reduction of any compensatory monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action ("Penalty Offset"). If the court in any Related Consumer Action grants a Penalty Offset, Defendants must, within 30 days after entry of a final order granting the Penalty Offset, notify the Bureau, and pay the amount of the Penalty Offset to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

**D.   Default or Delinquency**

36.   In the event of any default on Defendants' obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amount not paid from the date of default to the date of payment, and will immediately become due and payable.

37.   Under 31 U.S.C. § 7701, Defendants must furnish to the Bureau their taxpayer identifying numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

12

## E.    Reporting Requirements

38.    For 5 years from the Effective Date, Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendants; or a change in Corporate Defendants' names or addresses. Defendants must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

39.    Within 21 days of the Effective Date, Defendants must:

   a.   designate and provide to the Bureau at least one telephone number and an e-mail, physical, and postal address as points of contact that the Bureau may use to communicate with Defendants;

   b.   identify in writing to the Bureau all businesses for which any Defendant is the majority owner, or that Defendants directly or indirectly control, by all of their names, telephone numbers, and physical, postal, e-mail, and Internet addresses; and

   c.   describe in writing to the Bureau the activities of each business identified in response to paragraph 39.b., including the products and services offered and the means of advertising, marketing, and sales.

40.    Within 120 days of the Effective Date, and again one year after the Effective Date, Defendants must submit to the Enforcement Director an accurate written compliance-progress report ("Compliance Report"), that, at a minimum:

a. describes in detail the Defendants' compliance with this Order; and

b. attaches a copy of each Order Acknowledgment obtained under Section F of this Order, unless previously submitted to the Bureau.

41. After the one-year period, and for a period of 5 years, Defendants must submit to the Enforcement Director additional Compliance Reports within 30 days of receiving a written request from the Bureau.

## F. Order Distribution and Acknowledgement

42. Within 7 days of the Effective Date, Defendants must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

43. Within 30 days of the Effective Date, Defendants must deliver a copy of this Order to each of its board members and executive officers, as well as any persons with responsibilities related to the injunctive relief described in Section A of this Order, whether they are managers, employees, service providers, or other agents and representatives.

44. For 5 years from the Effective Date, Defendants must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section E, any future board members and executive officers, as well as to any managers, employees, service providers, and other agents and representatives who will have responsibilities related to the injunctive relief described in Section A of this Order before they assume their responsibilities.

45. Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery of the Order, from all persons receiving a copy of this Order under this Section.

## G.    Recordkeeping

46.    Defendants must retain, for at least 5 years from the Effective Date, all documents and records necessary to demonstrate full compliance with each provision of this Order, including:

> a.  all documents and records pertaining to the Affected Consumers.
>
> b.  all contracts and credit applications entered into with consumers.

47.    Defendants must make the documents identified in Paragraph 46 available to the Bureau within 30 days upon the Bureau's request.

## H.    Notices

48.    Unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*Consumer Financial Protection Bureau, et al. v. Freedom Stores, Inc. et al.* File No. 2013-0624-02" and send them either:

> a.    by overnight courier (not the U.S. Postal Service) to:
>
> > Assistant Director for Enforcement
> > Consumer Financial Protection Bureau
> > ATTENTION: Office of Enforcement
> > 1625 Eye Street, N.W.
> > Washington D.C. 20006; or
>
> b.    by first class mail to the below address and contemporaneously by email

to Enforcement_Compliance@cfpb.gov:

> > Assistant Director for Enforcement
> > Consumer Financial Protection Bureau
> > ATTENTION: Office of Enforcement
> > 1700 G Street, N.W.
> > Washington D.C. 20552

## I.   Cooperation with the Bureau

49.   Defendants must cooperate fully to help the Bureau determine the identity, location, and the amount due each Affected Consumer under Section B of this Order and respond to any other requests from the Bureau for information about relief, monitoring, compliance, or any other purpose. Defendants must provide all requested information in its or its agents' possession or control, submitted as a sworn statement under penalty of perjury, within 21 days of receiving a written request from the Bureau.

50.   For a period of 5 years from the Effective Date, Defendants must cooperate fully with the Bureau in this matter and in any investigation related to or associated with the conduct described in the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Defendants must require its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 14 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

## J.   Compliance Monitoring

51.   For a period of 5 years from the Effective Date, for purposes of compliance monitoring, the Bureau may communicate directly with Defendants and Defendants may, at their election, have counsel present during such communications and may consult with counsel prior to responding to such communications.

52.   For a period of 5 years from the Effective Date, Defendants must permit Bureau representatives to interview any employee or other person affiliated with Defendants who has agreed to such an interview. The person interviewed may have counsel present.

53.     Nothing in this Order limits the Bureau's lawful use of compulsory process under 12 U.S.C. § 5526 and 12 C.F.R. § 1080.6.

54.     For a period of 5 years from the Effective Date, Defendants agree to be subject to the Bureau's supervisory authority under 12 U.S.C. § 5514. Consistent with 12 C.F.R. § 1091.111, Defendants may not petition for termination of supervision under 12 C.F.R. § 1091.113.

55.     The Bureau and the States release and discharge Defendants from all potential liability for law violations that the Bureau or the States have or might have asserted based on the practices alleged in the Complaint, to the extent such practices occurred before the Effective Date and the Bureau or the States know about them as of the Effective Date. Notwithstanding this release, the Bureau or the States may use the practices alleged in the Complaint in future enforcement actions against the Defendants or their affiliates to establish a pattern or practice of violations or the continuation of a pattern or practice of violations or to calculate the amount of any penalty. This release does not preclude or affect any right of the Bureau or the States to determine and ensure compliance with the Order, or to seek penalties for any violations of the Order.

### RETENTION OF JURISDICTION

56.     The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

It is SO ORDERED.

DATED this 8th day of January, 2015.

Arenda L. Wright Allen
United States District Judge

United States District Judge

17

Consented and agreed to:

FOR THE CONSUMER FINANCIAL PROTECTION BUREAU:

ANTHONY M. ALEXIS
Acting Enforcement Director

JEFFREY PAUL EHRLICH
Deputy Enforcement Director

NATALIE R. WILLIAMS
Assistant Deputy Enforcement Director

KARA K. MILLER (Virginia Bar No. 47821)
MEGHAN SHERMAN CATER
Enforcement Attorneys
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
E-mail: kara.miller@cfpb.gov
E-mail: meghan.sherman@cfpb.gov
Tel.: (202) 435-7825
Fax: (202) 435-7329
Attorneys for Plaintiff
Consumer Financial Protection Bureau

FOR THE COMMONWEALTH OF VIRGINIA AND THE STATE OF NORTH CAROLINA:

MARK R. HERRING
Attorney General of Virginia

CYNTHIA E. HUDSON
Chief Deputy Attorney General

RHODES B. RITENOUR
Deputy Attorney General

DAVID B. IRVIN (Virginia Bar No. 23927)
Senior Assistant Attorney General
STEPHEN JOHN SOVINSKY
(Virginia Bar No. 85637)
Assistant Attorney General
Consumer Protection Section
Office of the Attorney General of Virginia
900 East Main Street
Richmond, Virginia 23219
E-mail: ssovinsky@oag.state.va.us
Tel.: (804) 823-6341
Fax: (804) 786-0122
Attorneys for Plaintiffs
Commonwealth of Virginia
and State of North Carolina (local counsel)


ROY COOPER
Attorney General of North Carolina

M. LYNNE WEAVER
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27603
E-mail: lweaver@ncdoj.gov
Tel.: (919) 716-6039
Fax: (919) 716-6050
Attorney for Plaintiff
State of North Carolina

19

FOR DEFENDANTS:

By:

L. JEAN NOONAN
JAMES CHAREQ
Hudson Cook, LLP
1020 19th Street, NW, 7th Floor
Washington, DC 20036
E-mail: jnoonan@hudco.com
E-mail: jchareq@hudco.com
Tel: (202) 327-9711
Fax: (202) 223-6935
Attorneys for Defendants
Freedom Stores, Inc., Freedom Acceptance Corporation, Military Credit Services LLC,
John F. Melley, and Leonard B. Melley, Jr.